IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Shumaker, Loop & Kendrick, LLP, | Case No. 3:08 CV 1855 |
| Appellant, | MEMORANDUM OPINION AND ORDER |
| -vs- | |
| Daniel F. Conetta, | JUDGE JACK ZOUHARY |
| Intervenor, | |
| -vs- | |
| Thomas S. Zaremba, | |
| Appellee. | |

## INTRODUCTION

This matter is before the Court on Daniel Conetta's Motion to Intervene as a Party (Doc. No. 3), Trustee's Motion to Strike and Opposition (Doc. No. 13) and Daniel Conetta's Reply (Doc. No. 14). The issue before the Court is whether to allow Daniel Conetta to intervene in this appeal. He was not a party to the bankruptcy proceeding below but argues he has an interest in the action.

In the course of the bankruptcy proceeding below, the Trustee presented ten purported waivers of the attorney-client and other privileges signed by the debtors' former President and CEO William Davis concerning the debtors and other related non-debtor entities. One of the waivers concerned Active Leisure, Inc., a non-debtor "private placement entity" of which Conetta is a shareholder and

former President and CEO. Conetta asserts an interest in the validity of the privilege waiver and the existence of the attorney-client privilege as a shareholder of Active Leisure. Conetta argues that the Trustee does not represent the interests of himself or Active Leisure, and that it would be unreasonable to ask Shumaker to protect the privilege in addition to defending itself. He argues that intervention is necessary in order to properly address the validity of the attorney-client privilege waivers.

## DISCUSSION

The Federal Bankruptcy Rules of Procedure do not envision the use of intervention in an appeal of a bankruptcy order to the district court. Intervention is only provided for in adversary proceedings and separately for other cases under the Code in bankruptcy court. *See* Fed. R. Bankr. P. 7024 (providing for intervention in adversary proceedings); Fed. R. Bankr. P. 2018 (providing for permissive intervention in cases under the Code outside of adversary proceedings). Appeals are governed by the Rules in Part VIII of the Federal Bankruptcy Rules of Procedure, and that Part does not provide a mechanism for intervention. *See generally* Fed. R. Bankr. P. 8001 *et seq*. This issue has been directly addressed before, in *In re Dow Corning Corp.*, 255 B.R. 445, 464 (E.D. Mich 2000), and the court held that intervention in an appeal of a bankruptcy order to the district court was unavailable. Without necessarily adopting the entire rationale of the *Dow Corning* case, this Court adopts its conclusion, and denies the Motion to Intervene.

While the Rules in Part VIII of the Federal Rules of Bankruptcy Procedure do not explicitly permit *amicus curiae* briefs in an appeal of a bankruptcy order to a district court, they do provide some measure of discretion to the district court when there is no controlling law. Rule 8018(b) of the Bankruptcy Rules of Procedure provides that a "district judge may regulate practice in any manner

2

consistent with federal law, these rules, Official Forms, and local rules of the circuit council or district court." Fed. R. Bankr. P. 8018(b). Because *amicus curiae* briefs in an appeal of a bankruptcy order to a district court are not precluded by the Bankruptcy Rules of Procedure, the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, or other applicable federal law, this Court can incorporate the use of Federal Appellate Rule 29 in this instance. *See In re Cannonsburg Environemental Associates, Ltd.*, 72 F.3d 1260, 1269 (6th Cir. 1996) (citing Fed. R. Bankr.P. 8018(b) as support for district court's consolidation of appeals from bankruptcy court, allowing incorporation of Fed.R.Civ.P. 42 and Fed. R.App. P. 3(b)). The *Dow Corning* case also took the approach of considering the motions to intervene as motions to file an *amicus curiae* brief.

## CONCLUSION

For the above reasons, the Motion to Intervene is denied, but Daniel Conetta will be allowed to file an amicus brief. The Trustee's Motion to Strike is denied.

IT IS SO ORDERED.

           s/ *Jack Zouhary*
           JACK ZOUHARY
           U. S. DISTRICT JUDGE

           September 19, 2008