IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Shumaker, Loop & Kendrick, LLP, | Case No. 3:08 CV 1855 |
| Appellant, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Thomas S. Zaremba, | |
| Appellee. | |

Appellant Shumaker, Loop & Kendrick, LLP (SLK) moves to appeal a bankruptcy court order either as of right through 28 U.S.C. § 158(a)(1) and Bankruptcy Rule of Procedure 8001(a), or by leave of this Court through 28 U.S.C. § 158(a)(3) and Bankruptcy Rule of Procedure 8001(b) (Doc. No. 1).

SLK argues it is entitled to an appeal as of right by operation of the *Perlman* doctrine. The *Perlman* doctrine provides that while discovery orders are generally not "final orders" for purposes of appeal, "a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 18 n.11 (1992). SLK's arguments for the operation of the *Perlman* doctrine are unconvincing. SLK is not a disinterested third party, but rather is a party to the adversary proceeding in the bankruptcy court below. However, there is adequate support for the Motion to Appeal with leave of this Court. The question presented is a purely legal one -- who shall bear the burden of proof regarding the validity of a waiver of the attorney-client privilege. The question is also controlling, may materially advance the termination of the litigation below, and there is a substantial ground for

a difference of opinion regarding the answer to the question. It has not been addressed by the Sixth Circuit Court of Appeals, and there is a difference of opinion among the other circuits. *See Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 225 (1st Cir. 2005).

To delay this appeal until after the adversary proceeding is concluded below would be asking the Court to try to force the privileged cat back into the bag if SLK is unable to meet its burden to disprove the validity of the waivers in Bankruptcy Court. Requiring a party to reveal privileged information and then seek redress after the conclusion of the proceeding through a direct appeal is an inadequate remedy. *In re Lott*, 424 F.3d 446, 450 (6th Cir. 2005). As the issue is not settled in this Circuit, an appeal to the District Court is appropriate.

Daniel Conetta previously moved to intervene in these proceedings (Doc. No. 3). This Court denied his Motion to Intervene, but allowed him to file an amicus brief (Doc. No. 15). Conetta then filed a Request for Clarification, asking whether that amicus brief was to be in support of the Motion to Appeal (now granted) or whether it was to be on the issue of the validity of the purported privilege waivers at issue in the appeal (Doc. No. 16). Any amicus brief filed by Conetta shall address the validity of the purported privilege waivers, which this Court understood to be Conetta's concern in moving to intervene.

Appellant's Motion for Leave to Appeal is granted. A Scheduling Conference call is set for **Friday, October 24, 2008 at 10:00 a.m.** The Court will initiate the call. Counsel should confer before then and submit a proposed briefing schedule.

IT IS SO ORDERED.

             s/ *Jack Zouhary*
             JACK ZOUHARY
             U. S. DISTRICT JUDGE

             October 21, 2008